BOTTORF and Another *v.* SMITH.

Where there is a covenant of seizin, if the vendor has no title, the covenant is broken as soon as it is made.

Action against the makers of a note. Answer, that the note was given for the purchase-money of a town lot, &c.; that before receiving a deed, the defendants sold the lot to *A.*, to whom the plaintiff, by their direction, conveyed it, covenanting therein that he was seized, &c., in fee simple, &c. Averment, that the plaintiff was not seized of any good title *in fee simple;* that his conveyance to *A.* was of no value; and that *A.* consequently refused to pay for the lot.

*Held*, that the case stood upon the same ground as if the plaintiff had conveyed to the defendants and the latter had conveyed to *A.*

*Held*, also, that the answer was insufficient.

*Held*, also, that the defence being insufficient, the defendant could not require *A.* to be made a party.

APPEAL from the *Clark* Court of Common Pleas.

DAVISON, J.—*Smith* sued *John* and *Simon Bottorf,* upon a promissory note for the payment of 1,000 dollars. The note bears date *June* 1, 1854, and is payable to *Smith* at one day. The defendants answered—

1. That the note was given in consideration of the purchase of lot number one hundred and twenty-eight, in *Jeffersonville;* that before receiving a deed, they sold the lot to one *Jacobs,* and that *Smith,* by their direction, conveyed it to *Jacobs,* in which conveyance he, *Smith,* covenanted that he "was seized of a good, sure, indefeasible title in fee simple to said lot, and that it was free from all incumbrances." It is then averred that *Smith* was not seized of any good title in fee simple; that his conveyance to *Jacobs* was of no value; and that *Jacobs,* in consequence, refused to pay the defendants for the lot.

2. The defendants set up the facts stated in the above paragraph as a counterclaim, and demand 1,000 dollars for the breach of warranty.

3. They reiterate the facts before stated, and say that *Jacobs* is a necessary party to this action.

The plaintiff demurred to the answer. His demurrer was sustained, and judgment given for the sum demanded, &c.

This case stands upon the same ground on which it would have stood had *Smith* conveyed directly to the de-

May Term,
1856.

Bottorf
v.
Smith.

fendants and they to *Jacobs*. If the facts alleged in the answer, and admitted by the demurrer, would bar a recovery against him on his contract to pay the defendants for the lot, it is plainly competent for them to set up the same defence to this action. The answer is said to be defective because it does not aver an offer to reconvey. As we understand the answer, it professes to rely on an entire want of title on the part of *Smith*, the vendor. If this defence be correctly stated, such offer would not be essential, because, there being no title conveyed, a reconveyance could be of no value. The deed, it seems, contained a covenant of seizin; and if the vendor had no title to the premises, that covenant was broken immediately after it was executed, and the defendants may allege such breach as a failure of consideration. 11 Johns. R. 50.— 5 Blackf. 100, 102. Have they done so? The answer alleges "that *Smith* was not seized of any good title in fee simple; that his conveyance to *Jacobs* was of no value." This is not sufficient. He may have been seized of a lesser estate, for life or for a term of years, which, by virtue of the conveyance, passed to the grantee. 2 R. S. 238. This may be the real state of the case, and if it is, the objection that "no offer has been made to reconvey," is well taken, because if the plaintiff receives no purchase-money, he would be entitled to a reconveyance of whatever estate he may have conveyed. True, the answer says "that *Smith's* conveyance to *Jacobs* was of no value," but that falls short of saying that he had no title whatever to the premises.

It remains to be considered whether *Jacobs* should have been made a party. Upon this branch of the case, the appellants argue thus: "It may be contended that we should offer to reconvey to *Smith*. We have taken the only step in our power toward doing so, in asking that *Jacobs* be made a party. He is the one to reconvey, and when brought before the Court, as he should have been, could only obtain relief from his obligation by reconveying." This reasoning is not strictly correct. The answer itself is defective. It does not aver an entire want of title

in *Smith*, nor does it show what, if any, title he did convey. The defendants having set up no sufficient defence to the action, could not require *Jacobs* to be made a party, because their answer lays no ground for his admission. There is no reason why he should be, unless the deed conveyed to him some reconveyable estate; and to that effect there is no averment in the answer. Hence there was nothing before the Court showing even the propriety of making him a party.

*Per Curiam.*—The judgment is affirmed, with 2 per cent. damages and costs.

*T. W. Gibson*, for the appellants.

*J. D. Ferguson*, for the appellee.