## SCHMIDT v. COLLEY.

PRACTICE.—Where a pleading is stricken out, on motion, it is no longer a part of the record, and can only be made so by a bill of exceptions.

ATTACHMENT.—Where a creditor, after the commencement of a proceeding in attachment, becomes a party to the proceeding and files his complaint and bond, no new summons need issue against the defendant in order to entitle such creditor to share in the proceeds of the attachment. The service of the original summons is notice to the defendant of the pendency of a proceeding to which any creditor may become a party at any time before judgment.

APPEAL from the *Marion* Common Pleas.

FRAZER, C. J.—This record presents no question in such a manner that the appellant can avail himself of it in this court. All the errors alleged are on account of motions sustained and overruled. There is no bill of exceptions. Thus a paragraph of the appellant's answer was stricken out, on motion. Then it was no longer a part of the record, unless made so by a bill of exceptions. We cannot properly know what the paragraph was. The clerk professes to copy it into the transcript, but this he had no authority to do. He cannot retain in the record that which the court has stricken out. The other questions argued are equally beyond our reach.

The nature of the case, as shown by the record, was, briefly, that the appellant sued one *Kern*, and issued an

attachment and process of garnishment. The appellee came in, and was made a party plaintiff, and filed a complaint against *Kern* on two promissory notes, dated subsequent to the issuing of the attachment and the service on the garnishee. He also filed the proper affidavit and bond. No summons was issued by *Colley* to *Kern*, who did not appear.

The appellant answered to *Colley's* complaint, 1. That when *Colley* took the notes mentioned, from *Kern,* he had notice of the service of the attachment and garnishee process; that one of the notes was for a retainer in certain criminal proceedings, and the other was without consideration, and made to increase the nominal amount of *Colley's* claim, that he might become a party to the appellant's suit, and receive an increased share of the proceeds of *Kern's* property attached. 2. General denial. *Colley* replied by a denial.

These issues were found for *Colley,* and he, as also the appellant, had judgment against *Kern,* with the further order that they share in the proceeds of the attached property *pro rata,* which order the appellant contends was erroneous, for two reasons: 1. Because the indebtedness to *Colley* accrued after the attachment was served. Without the evidence, how can we say that the fact was so? The notes may have been shown to have been given in consideration of a just demand, which had accrued many years before. There was a motion for a new trial, but that motion was not even put upon the ground that the evidence was insufficient.

2. The second objection to the order for a *pro rata* distribution is, that *Kern* had not been summoned to answer *Colley's* claim. But we do not understand that that was necessary under the statute. The summons issued and served at the instance of the appellant, notified *Kern* of the pendency of the suit, and he was bound to know that any other creditor could become a party to that action. Section 186 of the code provides how that may be done, and service of a summons is not one of the things required. At any time, it may not

be an hour, before the final adjustment of the original suit, a complaint, affidavit and undertaking may be filed, and then the creditor who has performed these requirements may become a party and prove his claim. This is all that the statute, in terms, requires; and we perceive no sufficient reason for holding that a new, summons must issue on behalf of each creditor who chooses to avail himself of the pending cause. We believe that such a practice has never obtained anywhere, during the sixteen years that the code has been in force.

But the appellant made no objection below to proceeding to trial upon this ground. He was silent upon the subject until the issue which he made was found against him. Then, and after final judgment was rendered, he assigned it as a cause for a new trial. This, we think, was too late for him to raise the objection, and not the way to raise it, even conceding that it would have availed him if properly made in apt time. It is not known to the law as a ground for a new trial.

After judgment, the court below, at the instance of the appellant, amended its record; in a matter not deemed by us material to the questions involved here, so as to correct an alleged misprision of its clerk, and the appellee, by the assignment of a cross-error, presents that action of the court for review. I am of opinion that the court did not err in amending its record. A majority of the court, however, hold otherwise. The case does not seem to call for a discussion of the question, or a statement of the reasons which have led us respectively to our conclusions upon it.

The judgment is affirmed, with costs.

*J. T. Dye* and *A. C. Harris*, for appellant.

*A. G. Porter*, *B. Harrison* and *W. P. Fishback*, for appellee.