## GREGG v. LOUDEN.

BILL OF EXCEPTIONS.—*Striking out Pleading.*—The action of a court in striking out a pleading cannot be presented to the Supreme Court if not reserved by a bill of exceptions.

REVIEW OF JUDGMENT.—*Diligence.*—In an application to review a judgment for material new matter discovered after the rendition of the judgment, it must appear, from facts alleged, that the new matter could not, by the use of reasonable diligence, have been discovered before the rendition of the judgment.

From the Rush Circuit Court.

*G. H. Puntney*, *J. Helm, Jr.*, and *B. F. Davis*, for appellant.

*J. S. Reid* and *J. H. Louden*, for appellee.

DOWNEY, J.—This was a complaint by the appellant against the appellee, to review a judgment. The complaint, as amended, was in two paragraphs. The first paragraph was struck out and set aside by the court; nothing as to this ruling was reserved by bill of exceptions, and hence, although the action of the court is assigned as an error, no question is before us. *Schmidt* v. *Colley*, 29 Ind. 120. There are many other cases to this effect.

A demurrer to the second paragraph was sustained, and this action of the court is also assigned as an error. The material facts alleged in that paragraph are the following:

That the judgment here complained of was rendered and made in 1873, in the Rush Common Pleas, on a complaint on a promissory note executed by the appellant as the surety of his co-defendant John T. Gregg; and said plaintiff avers that he files herewith a certified copy of all the proceedings of said court in said cause, and makes the same part of this

paragraph, and avers that said John T. Gregg was not served with process ten days before the first day of said term of said court; and that said cause was continued as to said John T. Gregg, and judgment taken against this plaintiff; and he avers that he has, since the rendition of said judgment, discovered material new matter, in this, to wit, that after said judgment was rendered, he discovered that on the 25th day of December, 1870, three years after the execution of said note sued on, said James Louden and said John T. Gregg, without the knowledge or consent of this plaintiff, entered into a contract, wherein it was agreed by and between said Louden and said John T. Gregg, that there was and should be due said Louden the sum of one thousand one hundred and thirty-five dollars and ninety-three cents, that being thirty-three dollars and seventy-nine cents more than was at that time due on said note at the rate of eight per cent. interest (that being the rate said John and George had agreed to pay); and the said Louden and John T. Gregg further agreed and contracted that said one thousand one hundred and thirty-five dollars and ninety-three cents should, from said 25th day of December, 1870, draw ten per cent. interest, that being two per cent. more interest than said George W. Gregg had agreed to pay said Louden; and that said Louden, in consideration of said John T. Gregg's entering into and making said agreement as above set forth, agreed and contracted, without the knowledge or consent of said George W. Gregg, to extend the time of payment of said note one year from the said 25th day of December, 1873 [1870?], and did so unlawfully extend the time of payment of said note; and said plaintiff avers that said Louden and John T. Gregg concealed from him the making of said agreement, and that said Louden, in his complaint and suit on said note, averred that he set out a true copy of said note, when, in truth and in fact, he failed and neglected to set out and copy the written memorandum of said agreement so made and signed by said John T. Gregg, and accepted by said Louden, and entered on the back of said note; and

plaintiff avers that he relied upon said copy of said note containing a true copy of all the writing made and entered upon said note; and that he had been informed that the original note was at that time filed in the bankrupt court at Indianapolis, Indiana, and that said Louden had instituted his said suit on a certified copy of said note; and said plaintiff avers that he could not, by any reasonable diligence, have discovered said new matter until after the trial of said cause; wherefore, etc.

We think it is apparent, at first view, that no diligence to discover the alleged new matter before the rendition of the judgment is shown. In applications to review a judgment for material new matter discovered after the rendition of the judgment, it must appear that the new matter could not, by the use of reasonable diligence, have been discovered before the rendition of the judgment. Any other rule would encourage negligence, and unnecessarily protract litigation. *Comer* v. *Himes*, 49 Ind. 482, and authorities there cited. The allegation that the plaintiff herein had been informed that the original action had been brought on a certified copy of the note, does not make the plaintiff's case any stronger. He should not have relied upon what he had heard, even if it was a material matter, unless he had heard it from some one upon whose statements he had a right to rely. Had he required it in a proper manner, the original note must have been produced at the trial. This he must be presumed to have known. He does not allege that he even inquired of the principal in the note what, if any, defences could be made to the note. He alleges, it is true, that Louden and his principal concealed from him the making of the new contract, but he does not state how this was done, or when. It does not appear that he consulted counsel, examined the complaint or made a single inquiry of any one. True, he says he relied upon the copy of the note filed; but he does not aver that he ever saw it, or that any one for him ever saw it before the rendition of the judgment. He alleges that he could not, by any reasonable diligence, have discov-

ered said new matter, etc.    The facts should be stated, and the court should determine from them what he could or could not have done.    The paragraph creates the impression that the plaintiff herein negligently suffered judgment to be taken against him, and now seeks to be relieved from the consequences of such negligence.    This relief cannot be granted.

The judgment is affirmed, with costs.