JONES, EXECUTOR, *v.* NOE ET UX.

No. 6591.

CONTRACT.—*Failure of Consideration.*—The consideration of a contract or deed is always, as between the immediate parties thereto, open to inquiry, and this inquiry may go to the extent of showing a consideration different from that expressly stated in the contract or deed.

SAME.—*Answer.*—*Demurrer.*—An answer which shows a failure of consideration equal to the sum sued for is sufficient on demurrer.

DEED.—*Fraud.*—*Pleading.*—Where two deeds are executed upon the same consideration, although upon different dates, and the second is made "for the purpose of correcting any errors" in the first, a plea of fraud in reference to the transaction may be predicated by the grantee on facts connected with both deeds.

EXECUTORS.—*Conveyance with Covenants.*—Where an executor, without authority given him by the will to enter into covenants, conveys with covenants, they will, if obligatory at all, be deemed the personal covenants of the executor.

PLEADING.—*Practice.*—When a pleading is struck out by the court, it ceases to be a part of the record, and can only be brought to the attention of the Supreme Court by incorporation in a bill of exceptions.

CONVEYANCE —*Acceptance by Grantee.*—*Nominal Damages.*—When a deed is accepted, and possession taken, by the purchaser of the land conveyed, the grantee can not resist the payment of the purchase-money on the ground of want of title in the grantor, or recover more than nominal damages on the covenants of the deed, while he retains possession of the land, and has been subjected to no inconvenience or expense by reason of the vendor's want of title.

From the Franklin Circuit Court.

*H. Berry, Jr.,* and *F. Berry,* for appellant.

*W. H. Bracken* and *F. S. Swift,* for appellees.

WOODS, J.—The first question in this case arises upon the overruling of the demurrer to the amended fourth paragraph of answer.

The complaint is in the ordinary form for the foreclosure of a mortgage, and for judgment on a promissory note secured by the mortgage.

The answer in question is, that said note and mortgage were given for a part of the purchase-price of certain real estate; that on June 7th, 1870, and on May 9th, 1871, the plaintiff attempted, by deeds of general warranty, to convey to the defendant Valentine Noe, in fee simple, a farm in White Water township, in Franklin county, Indiana, copies of which deeds are made a part of the answer.

That said deeds contained a covenant on the part of the plaintiff, that he had the right to convey, and was the lawful and rightful owner of 16 $\frac{72}{100}$ acres of land, which

is particularly described; and that said real estate was pretended to be conveyed by the plaintiff to said defendant by said deeds, and was a part of the consideration of the note and mortgage sued on.

That said real estate was held adversely by Hamilton Ashby, by a title in fee simple, and the same was in the possession of said Ashby, at the time of the conveyance by the plaintiff to said defendant, and has ever since remained in said Ashby's possession, and is of the value of $900.

That, by said deeds, the plaintiff also pretended to convey to the defendant Valentine $28 \frac{80}{100}$ acres of land, which is particularly described, which was a part of the consideration for the note and mortgage sued on; that, at the time of the execution of said deeds, said real estate was, and ever since has been, in the possession of John Rudicel and Margaret Montgomery, or their grantees, and was and is now held by them, by title in fee simple, adversely to the plaintiff; that the plaintiff had no title thereto, and the same is of the value of $1,000.

That before and at the time of the making of said note and mortgage, and at the time of the execution of said deeds, the plaintiff pointed out to the defendant the corners and lines of the real estate for which the note and mortgage were executed, and stated that he would convey, and had conveyed, to said defendant, all the lands within the lines and corners so by him pointed out and designated, and that he had the right to convey the same, and could make the defendant Valentine a good title therefor.

But that, for the purpose of cheating the defendants, the plaintiff left out of said deeds $18 \frac{92}{100}$ acres of land, of the value of $1,500, which land was within the corners and lines as pointed out by the plaintiff to the defendants, and which land was a part of the consideration of said note and mortgage.

A particular description of the land last referred to is

here given; and the answer proceeds: That, at the time of the sale of the real estate by the plaintiff to said Valentine, and at the time said deeds and note and mortgage were made, the plaintiff falsely and fraudulently represented that he had authority to, and could and would, make the defendant Valentine a good deed, in fee simple, for the several parcels of land above described, and that said deeds contained all of said lands, and that he had a right to sell and convey the same.

That the defendants never came into the possession of the lands above particularly described and pretended to be conveyed ; that said Valentine relied on said representations of the plaintiff as being true, and was induced thereby to accept said deeds, and thereby suffered damages in the sum of $4,000. Wherefore, etc.

To this answer, it is objected :

1. That the allegations of fraudulent acts ana representations are not pleaded as having reference to the deed, note and mortgage executed June 7th, 1870, as a sole contract, but intermingled with an alleged subsequent contract [deed] of May 9th, 1871.

2. That it is not alleged that the appellee Valentine Noe had not both the means and the opportunity, with ordinary diligence, to have fully informed himself as to the precise location and value of the lands he was purchasing and would receive under the deed of June 7th, 1870.

3. That the answer is bad, so far as it refers to want of title, as it admits the deed and possession under it, and does not allege eviction or paramount title to any of the lands conveyed by the deed of June 7th, 1870, which lands are precisely the same as are covered by the mortgage.

4. That it is shown upon the face of this answer, that the pretended fraudulent representations and acts were done and made with reference to lands lying north of the White Water river; whilst the lands belonging to the estate of

Robertson Jones, conveyed by the deed of June 7th, 1870, were all south of that river and so located by the deed accepted by Valentine Noe.

There may be much in some phases of these objections; but so far as they rest on the alleged intermingling of the averments concerning the deed and mortgage of June 7th, 1870, and the deed of May 9th, 1871, there is nothing in them. If, in fact, the two deeds were executed upon the same consideration, and the second was made, as on its face it expressly purports to have been made, for the purpose of correcting any errors in the former deed, there is no apparent reason why a plea of fraud in reference to the transaction may not be predicated on facts connected with both deeds.

Appellant presses the argument, that all verbal statements and negotiations are merged in the first deed and notes and mortgage of June, 1870, and that it is not competent for the defendant to aver or show by parol that the notes and mortgage were given for any thing else than the land described in said deed and mortgage. It is well settled in this State, that the consideration of a contract or deed is always, as between the immediate parties thereto, open to inquiry, and this inquiry may go to the extent of showing a consideration different from that expressly stated in the contract or deed. *Rockhill* v. *Spraggs,* 9 Ind. 30; *Jones* v. *Jones,* 12 Ind. 389; *McMahan* v. *Stewart,* 23 Ind. 590; *Stearns* v. *Dubois,* 55 Ind. 257; *Headrick* v. *Wisehart,* 57 Ind. 129.

This answer seems to have been drawn in part with a view of showing a breach of the covenant of seizin claimed to be contained in said deeds; but no ground for relief in this respect is shown. It is not averred that the testator had conferred any authority on the executor to enter into any covenants, and if, without such authority, an executor does convey with covenants, they will, if obligatory at all,

be deemed to be the personal covenants of the executor. See Rawle on Covenants, 571–573.

Indeed, the circuit judge gave the case to the jury as one resting on the charge of fraud only, and instructed 'that, if no fraud was shown to have been practised on the defendant by the plaintiff, the verdict should be for the plaintiff.

The plaintiff insists that no representations of fact are shown to have been made, on which the defendant did and could properly rely. The plea is certainly not free from apparent objection on the ground stated, but we do not deem it necessary to consider the question now.

It does sufficiently appear from the answer, that a bargain was made between the parties for the sale and conveyance of a farm or tract of land within certain lines and corners, which the plaintiff pointed out to the defendant, and a price not less than $6,000, the sum for which the mortgage was given, was agreed upon for the whole tract, but that three parcels thereof, of greater value than the remainder due on the mortgage, were not conveyed, and possession thereof given, to the defendant, by and under said deeds ; that two of said parcels were at the time and still are held adversely by paramount title, the plaintiff's testator having had no title thereto, and that the third parcel was omitted from the deeds by plaintiff, with intent to cheat the defendant, and the defendant did not get, and has never had, possession thereof.

If these facts, connected with the representations averred to have been made by plaintiff, do not make a case of technical fraud, within the strict rules of pleading, they do show a clear case of partial failure of consideration, equal to the sum sued for. The demurrer was, therefore, properly overruled.

There was no error in the refusal of the court to order this answer separated into two paragraphs

To this answer, the plaintiff pleaded a reply in general denial, and a second paragraph, which on motion was stricken out, and the appellant has assigned this for error.

The bill of exceptions shows that a motion was made to strike out the second reply, which was sustained, but it does not show the filing of the reply or a copy of the pleading itself. It has often been decided that a pleading, on being struck out by the court, ceases to be a part of the record, and can be brought to the attention of this court only by embodying the same in a bill of exceptions. Order-book entries and copies certified only by the clerk are not sufficient. *Schmidt* v. *Colley*, 29 Ind. 120 ; *Horn* v. *Bray*, 51 Ind. 555.

It is claimed that the court erred in the rendition of the judgment and decree, in the form and to the effect in which the same was rendered, but neither in the assignment of errors, nor in the brief of appellant, is it pointed out in what the error consisted.

The motion for a new trial, filed by the plaintiff, who obtained a verdict and decree for $1,000 only, assigns sixty-three causes why the same should be granted.

It can not be expected of us, that we will examine the mass of testimony which went to the jury and the numerous objections and exceptions thereto, further than to enable us properly to dispose of the grounds of objection which the counsel for appellant have presented in their brief. They have argued but one objection, and that rests upon the same ground as the objection most urged against the fourth paragraph of answer, namely, that the defendant was bound by the deed and mortgage of June 7th, 1870, and could not go outside thereof to show a consideration for the mortgage, different from that revealed in these instruments.

This position, as already shown, is untenable, and with it must fall all arguments built upon it.

Objection is made to instructions given and to the refusal of the court to give others asked by the appellant.

Of those given upon the court's own motion, the first, second and fourth, and the first, second and fifth of those given on the request of the defendant, are erroneous in this, if in nothing else, namely : They expressly enunciate or imply the proposition that if the plaintiff, during the negotiations which resulted in the sale, pointed out the lines and corners of the land proposed to be conveyed, and represented that within the lines pointed out there were as many as 404 to 408 acres, and induced thereby the defendant to purchase said land at the price of $10,000, and to accept the deed or deeds therefor, and there was not in fact that much land in the tract, the defendant was entitled to a deduction from his note and mortgage of the value of the acres of which the tract was shown to be deficient.

It is enough to say, that the answers filed presented no such issue, and whatever may be the scope and limitations of the doctrine assumed or announced by these instructions in cases where pertinent, the doctrine has no application to this case.

The issue was joined in this case, not upon an averment that the total quantity of the land was misrepresented and fell short, but that certain specifically described parcels of land, which were represented to be parts of the tract sold, were owned and held adversely, or purposely left out of the deeds by the plaintiff, and that the defendant had never come into possession thereof, and it was to these averments that the evidence and attention of the jury should have been directed, and, under the issues joined, no consideration of any other deficiency in the quantity of the land should have been allowed.

The third instruction given on the request of the defendant is objectionable, because it does not confine the inquiry as to the portions of the land which were held

adversely, to the particular parcels which, in the answer, are averred to have been in adverse possession and ownership; but we can not say that this objection is material, without an examination of the evidence. If the evidence was confined to the averments of the answer, the instruction could have done no harm.

The second of the instructions asked by the plaintiff was, that "When a deed is made and accepted, and possession taken, by the purchaser of the lands conveyed by such deed, want of title in the grantor will not enable the purchaser to resist the payment of the purchase-money or recover more than nominal damages on the covenants of the deed, while he retains the deed and possession of the land, and has been subject to no inconvenience or expense by reason of the vendor's want of title."

This is in harmony with the well established rule, is pertinent to the issues made in the case, and should have been given.

The other special instructions asked by the appellant need not be set out in full or even summarized. They are all more or less faulty, as not strictly pertinent to the issues joined, and all or nearly all tainted with the oft reiterated fallacy of appellant's counsel, that the second deed could not, by parol proofs, be shown to have any connection with the consideration on which the first deed and the mortgage were given, and that inquiry can not be pushed beyond the writings themselves, for the purpose of showing a consideration different from that expressed.

For the errors indicated, the judgment of the circuit court is reversed, and the cause remanded, with instructions to grant a new trial.