Beal *v.* Beal.

———◆———

No. 8671.

## BEAL *v.* BEAL.

MARRIED WOMAN.—*Covenants in Deed.—Husband and Wife.—Promissory Note.—Consideration.—Conveyance.—Adverse Possession.*—When a married woman takes a promissory note for a conveyance of her lands, with covenants of general warranty, in which her husband joins, and a portion of the lands described is at the time owned by a stranger in possession, so that the purchaser obtains neither possession nor title thereto, there is a partial failure of the consideration of the note to the extent of the value of that part of the land, notwithstanding the statute, 1 R. S. 1876, p. 363, section 6, which enacts that the wife shall not be bound by such covenants.

Beal *v.* Beal.

PLEADING.—*Answer.*—*Practice.*—An answer which commences as being general but answers only a part, and in the conclusion purports to be pleaded only as an answer to such part, is not to be regarded as pleaded to the whole complaint, and is good on demurrer.

From the Madison Circuit Court.

*C. D. Thompson, J. W. Sansberry* and *M. A. Chipman,* for appellant.

*H. D. Thompson,* for appellee.

FRANKLIN, C.—Appellee sued appellant upon a promissory note. Appellant answered, and alleged in the third paragraph of his answer a partial failure of the consideration of the note. A demurrer was sustained to this paragraph of the answer.

The ruling upon the demurrer is the only question presented by counsel in this case.

This paragraph of the answer reads as follows : " The defendant for an amended third paragraph of his answer says : That he admits the execution of the note sued on, but says that the same was given for and in part consideration for the purchase price of the following real estate in Madison county, Indiana, to wit : The southeast quarter of section 18, in township 20 north, range 8 east. That the same was purchased from one Rebecca Beal, who on said day conveyed the same to defendant by deed of general warranty, containing full covenants of title ; John Beal the husband of said Rebecca, joining her in said deed, a copy of which deed is filed herewith and made a part of this answer. And he avers that at the time of said sale and conveyance, the said Rebecca Beal was not the owner of all of said real estate, but that prior thereto she and her grantors had sold and conveyed ten acres off of the south end of the east half of said real estate to other parties, who had and still hold the possession thereof, and that this defendant did not and could not take possession of the same ; and that said part of said real estate is of the reasonable value of one thousand dollars, and that, by reason of the premises hereinbefore stated, he has been damaged in the sum of one thousand dollars, and that the consideration of

said note has wholly failed to said amount, and he offers to confess judgment for the residue. And asks for general relief."

The first objection to this paragraph of the answer is, that it purports to answer the whole complaint and only answers a part. While in the beginning it appears to be general, in the conclusion it is limited to a part, and offers to confess judgment for the residue. Taking the whole paragraph together, we think that it was intended only to be an answer of partial failure of consideration, and ought to be so regarded.

The second objection is, that Rebecea Beal was not bound by the covenants in her deed, and, as she was the payee and assignor of the note, this defence was not admissible, and for that reason counsel say the demurrer was sustained to this paragraph.

This objection raises the question as to whether it is a good defence to a note given in consideration of the purchase price of real estate, that the real estate was sold and conveyed with covenants of seizin and warranty by the payee, a married woman, the husband joining in the deed, and that the real estate at the time of the conveyance was owned and held and still is owned and held by, and in the adverse possession of, a third party, under a good title, and that the vendee and payor of the note was unable to and never had obtained possession of the real estate.

Where a warranty deed has been accepted by the purchaser of real estate, possession taken under the deed, and a note given for the purchase-money, so long as the purchaser holds the deed and such possession he can not, for the want or failure of title, defend against the payment of the note, for other than nominal damages. *Whisler* v. *Hicks*, 5 Blackf. 100 (33 Am. Dec. 454); *Bottorf* v. *Smith*, 7 Ind. 673; *Small* v. *Reeves*, 14 Ind. 163; *Shumaker* v. *Johnson*, 35 Ind. 33; *Jones* v. *Noe*, 71 Ind. 368.

If the covenant of seizin, embraced in the covenant of warranty is also broken, the defendant may plead a want of consideration.

In the case in 5 Blackf., *supra*, DEWEY, J., used the following language: " There could be no breach of the covenant

of seizin, or that of right to convey, without a want of title of the vendor; but had either of these covenants been broken, there is no doubt but the defendant might have alleged that matter as a failure of the consideration of the note given for a part of the purchase-money."

In the case in 7 Ind., *supra,* DAVISON, J., used the following language: " The deed, it seems, contained a covenant of seizin; and if the vendor had no title to the premises, that covenant was broken immediately after it was executed, and the defendants may allege such breach as a failure of consideration." But in the later cases it has been held by this court that a breach of the covenant of seizin must occur as well as the breach of the covenant of title, in order to constitute the defence of failure of consideration.

In the case in 14 Ind., *supra,* we find the following language: " Where a deed is made and accepted and possession taken under it, want of title will not enable the purchaser to resist the payment of the purchase-money, or recover more than nominal damages on his covenants, while he retains the deed and possession, and has been subjected to no inconvenience or expense on account of the defect of title. This is, in many of the cases, because the purchaser's possession, being under color of title, may continue undisturbed for twenty years, and thus become perfect and he be uninjured." And reference is made in support thereof to the cases of *Hannah* v. *Henderson,* 4 Ind. 174; *Reasoner* v. *Edmundson,* 5 Ind. 393; *Osborn* v. *Dodd,* 8 Blackf. 467. In the same case we find this further proposition: " Any adverse possession, but especially such as is alleged in this case, at the time of the conveyance, it seems, is an eviction, and under the conveyance made utterly void." See Rawle on Covenants for Title, 75, 268; *Bottorf* v. *Smith,* 7 Ind. 673.

If any interest whatever was conveyed by a defective title, and there was an eviction, a reconveyance was necessary. If there was no interest or title whatever conveyed, a reconveyance was not necessary. *Bottorf* v. *Smith, supra.*

If this had been claimed to be the husband's land that was conveyed, we think there could be no question as to this being a valid defence. And can it make any material difference that the wife sold and conveyed the land and had the note made payable to her, instead of the husband having sold his land?

While the 6th section of chapter 82, 1 R. S. 1876, p. 363, provides that the wife shall not be bound by any of the covenants in her deed, and an action would not be sustained against her for a breach thereof, yet, we think her warranty deed ought to be regarded as something more than a mere quitclaim deed. A purchaser accepting a quitclaim deed contracts with a view to all the defects of title or right to possession. A purchaser who takes a warranty deed contracts for the property and the quiet and peaceable possession of the same, and not for the mere barren ideality of a defective or void title. And while the wife in this case could not be sued for the breach of the covenants of her deed, she and those claiming under her, ought in all good conscience to be estopped from claiming any advantage by her own wrong.

In the case of *Farley* v. *Eller*, 29 Ind. 322, it was held that a wife was estopped by her covenants in a fraudulent deed.

In the case of *Shumaker* v. *Johnson*, 35 Ind. 33, WORDEN, J., quotes extensively from the case of *Van Rensselaer* v. *Kearney*, 11 How. 297, in which quotation we find the following language in relation to a quitclaim deed: "'A deed of this character purports to convey, and is understood to convey, nothing more than the interest or estate of which the grantor is seized or possessed at the time, and does not operate to pass or bind an interest not then in existence. The bargain between the parties proceeds upon this view; and the consideration is regulated in conformity with it. If otherwise, and the vendee has contracted for a particular estate, or for an interest in fee, he must take precaution to secure himself by the proper covenants of title. But this principle is applicable to a deed of bargain and sale by release or quitclaim, in the strict and proper sense of that species of con-

Beal *v.* Beal.

veyance. And therefore, if a deed bears on its face evidence that the grantors intended to convey, and the grantee expected to become invested with, an estate of a particular description or quality, and that the bargain had proceeded upon that footing between the parties, then, although it may not contain any covenants of title in the technical sense of the term, still the legal operation and effect of the instrument will be as binding upon the grantor and those claiming under him, in respect to the estate thus described, as if a formal covenant to that effect had been inserted; at least as far as to estop them from ever afterward denying that he was seized of the particular estate at the time of the conveyance.' After citing and discussing many authorities, the opinion proceeds as follows: 'The principle deducible from these authorities seems to be, that, whatever may be the form or nature of the conveyance used to pass real property, if the grantor sets forth on the face of the instrument by way of recital or averment that he is seized or possessed of a particular estate in the premises, and which estate the deed purports to convey; or, what is the same thing, if the seizin or possession of a particular estate is affirmed in the deed, either in express terms or by necessary implication, the grantor and all persons in privity with him shall be estopped from ever afterwards denying that he was so seized and possessed at the time he made the conveyance. The estoppel works upon the estate, and binds an after-acquired title as between parties and privies. The reason is, that the estate thus affirmed to be in the party at the time of the conveyance must necessarily have influenced the grantee in making the purchase, and hence the grantor and those in privity with him, in good faith and fair dealing, should forever thereafter be precluded from gainsaying it.'"

The opinion of this court then proceeds: "We have quoted largely from the opinion in this case, because it puts the estoppel upon quite different ground from that assumed in many of the cases, and assimilates the principles that govern it to those governing ordinary estoppels *in pais*. The estoppel, in

this view, is not made to depend upon the presence or absence of covenants. Perhaps a married woman, who executes a deed with covenants, say the covenant of seizin, or our statutory warranty, although not bound by the covenants as such, would be estopped on the principles above enunciated. We, however, intimate no opinion on the question." But in the case of *King* v. *Rea*, 56 Ind. 1, this court did intimate an opinion on this question, and clearly decided it, in the following emphatic language: "Although she is not bound by her covenants of warranty, we think she is estopped by her deed."

We thus conclude from the foregoing authorities, that a married woman's warranty deed ought to be, and is, something more than a mere quitclaim deed. And we see no good reason why a failure of consideration can not be pleaded against her or her privies, the same as against the husband. The defendant contracted with her for the land; he gave his note to pay for the land; he did not get the land; got no possession or the right to possession of this land; got nothing but a void warranty deed to this part that was then in the adverse possession of a third party, with a good title to the same. If this does not constitute a partial failure of consideration, it would be difficult to make one appear. In the general desire to protect married women's rights, it should not be extended to the encouragement and protection of unfair dealing. We, however, do not decide that the same defence could not be made to a note in a case where a quitclaim deed had been received.

We think the court below erred in sustaining the demurrer to this paragraph of the answer, for which error the judgment below ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and the same is in all things, reversed, and that the cause be remanded with instructions to the court below to overrule the demurrer to the third paragraph of the answer, and for further proceedings. Costs against appellee.